```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/20/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRANT & EISENHOFER, P.A.,

               Plaintiff,

      -v-

BERNSTEIN LIEBHARD LLP, et al.,

              Defendants.
------------------------------------------------------------------X

14-CV-9839 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      The present case involves a dispute between two law firms over the terms of a fee-sharing agreement pursuant to which Plaintiff Grant & Eisenhofer P.A. ("G&E") agreed to serve as of counsel to Defendant Bernstein Liebhard, LLP ("Bernstein Liebhard") in a specific litigation in exchange for twenty-six percent of the fee earned by the latter. Bernstein Liebhard now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety, alleging that G&E failed to perform its obligations under the parties' fee agreement and that G&E abandoned the agreement. (Def. Bernstein Liebhard LLP's Mem. Law Supp. Mot. To Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) (Docket No. 9) ("Def.'s Mem.") 1).[1] Bernstein Liebhard also contends that G&E's claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment fail as a matter of law. (*Id.* at 2). For the

---

[1] On March 31, 2015, G&E filed an amended complaint (Docket No. 23), adding defendant Markovits, Stock & DeMarco, LLC. The claims against Bernstein Liebhard remain the same. Accordingly, and pursuant to the Court's March 27, 2015 Order (Docket No. 20), the Court treats Bernstein Liebhard's pending motion to dismiss (Docket No. 8), as applying to G&E's Amended Complaint.

reasons stated below, Bernstein Liebhard's motion is denied with respect to the contract claim, but granted with respect to the other claims.

## BACKGROUND

This case arises out of a fee arrangement in *In re Fannie Mae Securities Litigation*, No. 04-CV-1639 (D.D.C.) (the "Fannie Mae litigation"), a class action brought in the United States District Court for the District of Columbia. (Am. Compl. (Docket No. 23) ¶ 1). In January 2008, Waite Schneider Bayless & Chesley Co. LPA ("Waite Schneider") was appointed plaintiff's Lead Class Counsel in that litigation, and Bernstein Liebhard — which represented two Ohio public pension funds (the "Ohio Funds") — was appointed Co-Lead Class Counsel. (*Id.* ¶¶ 1, 11-12). At Bernstein Leibhard, William A. K. Titelman served as the primary contact person for the Ohio Funds, and Francis P. Karam was "one of the senior litigators working day-to-day on the case." (*Id.* ¶ 13).

On or about March 2, 2009, Titelman and Karam both left Bernstein Liebhard to join G&E. (*Id.* ¶ 16). Three days later, G&E and Bernstein Liebhard entered a letter agreement stating in full as follows:

> Consistent with 1) Ohio's retainer agreement designating William Titelman as "Outside Counsel" in Fannie Mae, 2) the fact that Frank Karam has been managing the day to day litigation of the case, and 3) their move to Grant & Eisenhofer ("G&E"), the following agreement has been reached. Titelman and Karam, as well as G&E and Bernstein Liebhard ("BL"), wish to assure the client that there will be continuity of representation and efficient case management through the use of the same attorneys who have been working on the case regardless of their current firm affiliation. Further, this letter confirms the agreement between G&E and BL regarding G&E joining as additional counsel and serving as "Of Counsel" to BL on behalf of the Ohio funds in the Fannie Mae litigation. Pursuant to BL's previously negotiated agreement with Waite Schneider Bayless & Chesley dated July 25, 2007, providing a fee to BL out of the overall fee, said portion of the overall fee due BL shall be divided as follows: 74% to BL and 26% to G&E. Both G&E and BL shall litigate this case consistent with their fiduciary duties to the Ohio funds and the class, maintaining the highest standards of excellence.

(Decl. Christian P. Siebott Supp. Def. Bernstein Liebhard LLP's Mot. To Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) (Docket No. 10) ("Siebott Decl"), Ex. A (the "Bernhard Liebhard Agreement"); see Am. Compl. ¶ 17).[2] Thereafter, G&E made contributions to the Fannie Mae litigation fund in amounts equal to twenty-six percent of Bernstein Liebhard's obligation to the fund. (See, e.g., Am. Compl. ¶ 21).

On August 31, 2010, Karam left G&E. (Am. Compl. ¶ 22). Shortly before that date, Titelman — who remained at G&E — notified a lawyer named James Cummins at Waite Schneider of Karam's impending departure and that G&E "stood ready to continue working on the case." (Id. ¶ 22). Thereafter, and with Bernhard Liebhard's knowledge, G&E continued to contribute twenty-six percent of Bernhard Liebhard's obligations to the Fannie Mae litigation fund. (Id. ¶¶ 24-32).

By letter dated May 3, 2011, G&E entered into an agreement with Waite Schneider. (Am. Compl. ¶ 30). The letter reads, in its entirety:

> Bill and I very much appreciated our telephone call last week and your commitment to deal with us directly and separately from Bernstein Liebhard going forward on the Fannie Mae litigation. We are pleased that you understand and agree with our desire to deal directly with Waite, Schneider, Bayless & Chesley and not have to deal with Bernstein Liebhard when it comes time for any potential fee distribution.
> As promised with respect to your latest call to fund expenses on this litigation, enclosed please find a check in the amount of $104,000.00 representing our 26% share of Bernstein[] Liebhard's 25% share of the total fee.
> As you know, we remain ready and willing to assist you in any way.

---

[2]  Although the full text of the letter agreement is not included in Plaintiff's Amended Complaint, the Court is free to consider it in deciding Defendant's motion to dismiss because it is both integral to the complaint and partially quoted therein. *See, e.g., San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808-09 (2d Cir. 1996).

3

(Siebott Decl., Ex. B (the "Waite Schneider Agreement")).  G&E alleges that the agreement was "administrative only" and explains that "[s]ince [Waite Schneider] kept asking directly for payment, G&E thought it fair at the end of the case to get paid directly."  (Am. Compl. ¶ 30).

In 2012, Markovits, Stock & DeMarco, LLC ("MSD") — now named as a defendant in this action — was substituted for Waite Schneider as Lead Counsel in the Fannie Mae litigation; MSD "also succeeded to the obligations" of Waite Schneider under Waite Schneider's agreement with G&E.  (*Id.* ¶ 34).  The following year, the Fannie Mae litigation settled.  (*Id.* ¶ 35).  On December 6, 2013, the district court approved the settlement and awarded attorneys' fees and expenses totaling $29,152,612.27 to MSD as Lead Counsel, for allocation to all Plaintiffs' counsel.  (*Id.* ¶¶ 39-40).  MSD allocated $324,995.61 to G&E.  (*Id.* ¶¶ 43, 46).  G&E insists that it is owed either $1,900,000 or $1,348,000 — representing twenty-six percent of the twenty-five percent fee Bernstein Liebhard had negotiated (*Id.* ¶ 41) and twenty-six percent of the actual fee allocated to Bernstein Liebhard, respectively (*Id.* ¶ 42).

## DISCUSSION

The Court begins with Bernstein Liebhard's motion to dismiss G&E's breach-of-contract claim.  Under New York law — which the parties agree applies here (*see* Def.'s Mem. 8 n. 6 *see* Pl. Mem. Law Opp'n Def.'s Mot. To Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) (Docket No. 15) ("Pl.'s Mem.") 7) — there are four elements to a cause of action for breach of contract: (1) the existence of a contract, (2) performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages suffered as a result of the breach.  *See, e.g.*, *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).  At the motion to dismiss stage, a court may dismiss a breach-of-contract claim if the contract language is clear and unambiguous.  *See, e.g.*, *Oppenheimer & Co. v. Trans Energy, Inc.*, 946 F. Supp. 2d 343, 349 (S.D.N.Y. 2013); *accord*

4

*Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC*, 300 F. App'x 48, 49 (2d Cir. 2008) (summary order) (holding that dismissal on the ground that the plaintiff "has not 'adequately performed' under the contract at issue" is appropriate only "if the contract language is unambiguous" (internal quotation marks omitted)).  But "'when the language of a contract is ambiguous, its construction presents a question of fact, which of course precludes summary dismissal' on a Rule 12(b)(6) motion."  *Oppenheimer & Co.*, 946 F. Supp. 2d at 349 (quoting *Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 152 (S.D.N.Y. 2007)); *accord Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 56 (2d Cir. 2012) (explaining that "in the context of a motion to dismiss, if a contract is ambiguous as applied to a particular set of facts, a court has insufficient data to dismiss a complaint for failure to state a claim" (internal quotation marks omitted)).

Applying those principles here, there is no basis to dismiss.  Citing Karam's departure from G&E, Bernstein Liebhard contends first that G&E fails to plead its own performance because the fee agreement "required G&E to . . . provide continuity of representation and efficient case management through the use of the same attorneys who had been working on the case regardless of their current firm affiliation."  (Def.'s Mem. 9).  But while the fee agreement does state that the parties "*wish to assure the client* that there will be continuity of representation and efficient case management through the use of the same attorneys who have been working on the case" (Bernstein Liebhard Agreement (emphasis added)), it is by no means clear that Karam's continued involvement — let alone his continued involvement beyond the eighteen months that he remained at G&E and worked on the case — was a condition precedent for G&E's receipt of a portion of the fee.  In passing, Bernstein Liebhard also contends that "G&E's pledge to Waite Schneider, to the exclusion of Bernstein Liebhard, that it stood ready to continue

5

work on the case shows that it was not acting as 'of counsel' to Bernstein Liebhard, as promise[d] under the Fee Agreement." (Def.'s Mem. 10). But that argument turns on issues of fact, including but not limited to what serving as of counsel required of G&E, whether the fee agreement required G&E to serve in that capacity for any particular length of time, and whether G&E's "pledge" to Waite Schneider was inconsistent with serving as of counsel. Given that the Court "must resolve all ambiguities in the contract" in G&E's favor, the lack of clarity presents a question of fact precluding summary dismissal. *Oppenheimer*, 946 F. Supp. 2d at 347.

In the alternative, Bernstein Liebhard argues that G&E "repudiated" or "abandoned" the parties' fee agreement through its "pledge" to Waite Schneider. (Def.'s Mem. 10-11; *see also* Def. Bernstein Liebhard LLP's Reply Mem. Law Further Supp. Mot. To Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) (Docket No. 16) ("Def.'s Reply") 7 n.5). Under New York law, repudiation of a contract "can be either a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach or a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111-12 (2d Cir. 2010) (internal quotation marks omitted). The announcement of intention not to perform must be "positive and unequivocal." *Id.* at 112 (internal quotation marks omitted); *see also, e.g.*, *Best Payphones, Inc. v. Manhattan Telecomms. Corp. (In re Best Payphones, Inc.)*, 450 F. App'x 8, 11 (2d Cir. 2011) (summary order). Similarly, "abandonment of a contract can be accomplished only through mutual assent of the parties, as demonstrated by positive and unequivocal conduct inconsistent with an intent to be bound." *Graham v. James*, 144 F.3d 229, 238 (2d Cir. 1998). Measured against those standards, the Court cannot say as a matter of law that G&E repudiated or abandoned the parties' fee agreement through its "pledge" to Waite Schneider. Put simply,

Bernstein Liebhard does not cite any language from G&E's agreement with Waite Schneider — an agreement the Amended Complaint characterizes as "administrative only" (Am. Compl. ¶ 30) — that indicates an unambiguous or "unqualified and clear refusal to perform." *DiFolco*, 622 F.3d at 112 (internal quotation marks omitted).

Bernstein Liebhard's motion to dismiss G&E's other claims is on firmer ground. First, to the extent that the Amended Complaint can even be read to allege a breach of the implied covenant of good faith and fair dealing, that claim is merely a restatement of the breach-of-contract claim and so fails as a matter of law. *See, e.g.*, *New Earthshell Corp. v. Jobookit Holdings Ltd.*, No. 14-CV-3602 (JMF), 2015 WL 1000343, at *6 (S.D.N.Y. Mar. 5, 2015); s*ee also, e.g., LaRoss Partners, LLC v. Contract 911 Inc.,* 874 F. Supp. 2d 147, 164-65 (E.D.N.Y. 2012). An implied-covenant claim "'can survive a motion to dismiss only if it is based on allegations different than those underlying the accompanying breach of contract claim and the relief sought is not intrinsically tied to the damages allegedly resulting from the breach of contract.'" *New Earthshell Corp.*, 2015 WL 1000343, at *6 (quoting *Rojas v. Don King Prods., Inc.*, No. 11–CV–8468 (KBF), 2012 WL 760336, at *3 (S.D.N.Y. Mar. 6, 2012)); *see Amcan Holdings, Inc. v. Canadian Imperial Bank of Comm.*, 894 N.Y.S.2d 47, 49-50 (App. Div. 1st Dep't 2010). That is not the case here. Although G&E claims to be pleading the implied-covenant and contract claims in the alternative (Pl.'s Mem. 18-19), the former "are *not* in the alternative when they are based on the exact same allegations" as the latter, as they are here. *New Earthshell Corp.*, 2015 WL 1000343, at *6 n.5 (internal quotation marks omitted).

For similar reasons, G&E's unjust-enrichment claim must also be dismissed. It is one of the "well-settled principles of New York law" that "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi

7

contract for events arising out of the same subject matter." *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 213 (2d Cir. 2004) (internal quotation marks omitted). Unjust enrichment may be pleaded in the alternative, but only where there is "a bona fide dispute as to whether a relevant contract exists or covers the disputed issue." *Marshall v. Hyundai Motor Am.*, — F. Supp. 3d —, No. 12-CV-3072 (KMK), 2014 WL 5011049, at *15 (S.D.N.Y. Sept. 30, 2014) (citing cases). Here, there is no such dispute. That is, Bernstein Liebhard does not dispute that there was a valid and enforceable contract; it argues instead that G&E may not recover under the contract, either because G&E breached the contract itself or because G&E abandoned or repudiated the contract. If Bernstein Liebhard is wrong, G&E presumably can recover under the contract. If Bernstein Liebhard is right, then G&E has no legal entitlement to fees beyond what it received and cannot contend that Bernstein Liebhard was unjustly enriched at its expense. In either case, the unjust-enrichment claim fails as a matter of law. *See Bazak Int'l. Corp. v. Tarrant Apparel Grp.,* 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004) (dismissing an unjust-enrichment claim where the plaintiff faced a similar "catch 22," explaining that "[i]f a valid, enforceable contract existed between the parties, then [the plaintiff] cannot recover under a theory of unjust enrichment" and "if no valid contract was in place . . . , [the plaintiff] has failed to state a claim for relief under the theory of unjust enrichment because, absent a contract, the benefit that [the defendant] garnered from selling the merchandise was not at [the plaintiff's] expense").

## CONCLUSION

For the foregoing reasons, Bernstein Liebhard's motion to dismiss is granted in part and denied in part. Specifically, G&E's breach-of-contract claim against Bernstein Liebhard survives; all other claims against Bernstein Liebhard are dismissed.

The Clerk of Court is directed to terminate Docket No. 8.

SO ORDERED.

Date: April 20, 2015
New York, New York

JESSE M. FURMAN
United States District Judge