USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GRANT & EISENHOFER, P.A.,
                            Plaintiff,

-against-

BERNSTEIN LIEBHARD, LLP.
                          Defendant.
-----------------------------------------------------------X

14 **CIVIL** 9839 (JMF)

**JUDGMENT**

Defendant having moved for summary judgment pursuant to Fed. R. Civ. P. 56, and the matter having come before the Honorable Jesse M. Furman, United States District Judge, and the Court, on July 28, 2016, having rendered its Opinion and Order and stating the significantly, the issue in this case is not whether G&E is entitled to any payment for its work in the Fannie Mae litigation. Pursuant to MSD's allocation of the fees awarded by the Fannie Mae Court, G&E has been paid based on the work it actually performed that is, on a quantum meruit basis. Instead, the issue is whether G&E is entitled to more than the amount it received from MSD based on its agreement with Bernstein Liebhard. Based on the unambiguous language of that agreement, the Court concludes that G&E was entitled to 26% of Bernstein Liebhard's fees only if Bernstein Liebhard received fees pursuant to the Waite Schneider Fee Agreement. Because Bernstein Liebhard did not receive fees pursuant to that Agreement, and Bernstein Liebhard did not do anything to frustrate or prevent that condition precedent from being fulfilled, G&E is not entitled to recover additional fees from Bernstein Liebhard based on breach of the parties contract. Accordingly, granting Defendant's motion for summary judgment, and dismissing the Complaint; and directing the Clerk of Court to terminate Docket No. 80 and to close the case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated July 28, 2016, significantly, the issue in this case is not whether G&E is entitled to any payment for its work in the Fannie Mae litigation. Pursuant to MSD's allocation of the fees awarded by the Fannie Mae Court, G&E has been paid based on the work it actually performed that is, on a quantum meruit basis. Instead, the issue is whether G&E is entitled to more than the amount it received from MSD based on its agreement with Bernstein Liebhard. Based on the unambiguous language of that agreement, the Court concludes that G&E was entitled to 26% of Bernstein Liebhard's fees only if Bernstein Liebhard received fees pursuant to the Waite Schneider Fee Agreement. Because Bernstein Liebhard did not receive fees pursuant to that Agreement, and Bernstein Liebhard did not do anything to frustrate or prevent that condition precedent from being fulfilled, G&E is not entitled to recover additional fees from Bernstein Liebhard based on breach of the parties contract. Accordingly, Defendant's motion for summary judgment is granted, and the Complaint is dismissed; accordingly, the case is closed.

**Dated:** New York, New York
July 29, 2016

RUBY J. KRAJICK
Clerk of Court
BY: *KMango*
Deputy Clerk