```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
GRANT & EISENHOFER, P.A.,                                               :
                                                                        :
                                     Plaintiff,                         :      14-CV-9839 (JMF)
                                                                        :
             -v-                                                        :      MEMORANDUM OPINION
                                                                        :             AND ORDER
BERNSTEIN LIEBHARD, LLP,                                                :
                                                                        :
                                     Defendant.                         :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This breach-of-contract case, familiarity with which is presumed, concerns a fee-sharing dispute between two law firms: Plaintiff Grant & Eisenhofer, P.A. ("G&E") and Defendant Bernstein Liebhard LLP ("Bernstein Liebhard"). On July 28, 2016, the Court granted Bernstein Liebhard's motion for summary judgment. *See Grant & Eisenhofer, P.A. v. Bernstein Liebhard, LLP*, No. 14-CV-9839 (JMF), 2016 WL 4098616 (S.D.N.Y.). In brief, the Court held that Bernstein Liebhard was entitled to summary judgment "because its agreement to share a portion of its fees with G&E depended on a condition precedent *that was never fulfilled* — namely, receipt of fees by Bernstein Liebhard *pursuant to*" a separate agreement with another law firm, Waite Schneider Bayless & Chesley (the "Waite Schneider Fee Agreement"). *Id.* at *4 (emphasis added); *see also id.* (explaining that the parties' fee-sharing agreement "provided that '[*p*]*ursuant to [Bernstein Liebhard]'s previously negotiated agreement with Waite Schneider Bayless & Chesley dated July 25, 2007*, providing a fee to [Bernstein Liebhard] out of the overall fee, *said* portion of the overall fee due [Bernstein Liebhard] shall be divided as follows: 74% to [Bernstein Liebhard] and 26% to G&E.'" (alterations in original opinion)). G&E now moves for

reconsideration, principally arguing that the condition precedent had, in fact, been fulfilled. (Docket No. 96).  For the reasons stated below, G&E's motion is DENIED.

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted).  Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). Significantly, however, it is well established that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks, citations, and alterations omitted).

G&E's motion falls far short of the applicable standard.  G&E first points to extrinsic evidence — namely, an earlier draft of its contract with Bernstein Liebhard — in support of an argument that the Court misinterpreted the parties' agreement.  (*See* Docket No. 97 ("G&E's Reconsideration Mem.") 4-5 ("The Court appears to have overlooked . . . an earlier draft of the agreement . . . .")).  That argument fails for two reasons.  First, G&E did not make the argument in its initial motion papers.  *See, e.g.*, *Karimian v. Time Equities, Inc.*, No. 10-CV-3773 (AKH),

2

2013 WL 2254557, at *1, *2 (S.D.N.Y. May 22, 2013) (denying motion for reconsideration because such a motion "is not an opportunity to advance new facts, issues or arguments not previously presented to the Court" (internal quotation marks omitted)); *Country Club Assocs. v. Shaw's Supermarkets, Inc.*, 643 F. Supp. 2d 243, 258 (D. Conn. 2009) (declining to resolve an issue that "was not previously raised before the court"). Second, and in any event, as the Court noted in its earlier Opinion, "[i]t is axiomatic that where the language of a contract is unambiguous, the parties' intent is determined within the four corners of the contract, without reference to external evidence." 2016 WL 4098616, at *4 (quoting *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1210 (2d Cir. 2002) (alteration in original)). "Here," the contract's text is unambiguous (and notably, in its present motion, G&E does not even argue otherwise), so "there is" — *still* — "no basis to look beyond the language of the contract," including to earlier drafts of the contract. *Id.* at *4; *see Blum v. Spaha Capital Mgmt., LLC*, 44 F. Supp. 3d 482, 493 (S.D.N.Y. 2014) ("[E]xtrinsic evidence[] includ[es] the prior drafts of the agreement . . . .").

G&E's second, and principal, argument for reconsideration is similarly unavailing. G&E contends that, even if payment pursuant to the Waite Schneider Fee Agreement was a condition precedent under the parties' contract, summary judgment was inappropriate because whether the condition was fulfilled was a disputed issue of fact. Specifically, G&E contends that a jury could have found that the $439,165 Bernstein Liebhard received for settling its threat of litigation against Markovits, Stock & DeMarco, LLC ("MSD") constituted fees "pursuant to" the Waite Schneider Fee Agreement. (G&E's Reconsideration Mem. 4; Docket No. 100 ("G&E's Reconsideration Reply") 2-3). But the Court expressly considered that possibility in its prior Opinion and squarely rejected it — in no small part because G&E failed to argue the point. That is, the Court observed that, "stray language in its Local Rule 56.1 Statement aside," G&E did not

3

"contend that Bernstein Liebhard [had] received fees pursuant to the Waite Schneider Fee Agreement." 2016 WL 4098616, at *4. In an accompanying footnote, the Court further explained that, while G&E's Local Rule 56.1 Statement purported to "dispute[]" the fact that Bernstein Liebhard was not paid pursuant to the Waite Schneider Fee Agreement, G&E never affirmatively argued that the firm *was* so paid "in its memorandum of law, thereby waiving" the argument. *Id.* at n.3 (alteration omitted). "In fact," the Court continued, "G&E all but concede[d] that Bernstein Liebhard was *not* paid pursuant to the Waite Schneider Fee Agreement — calculating, for example, what the parties would have received '*if the Waite Schneider Fee Agreement had been given effect* and [Bernstein Liebhard] had honored the G&E/[Bernstein Liebhard] Agreement.'" *Id.* (quoting Docket No. 84 ("G&E's S.J. Mem."), at 6 n.6) (emphasis added in original opinion). And the Court further noted that, based on the uncontroverted testimony of Bill Markovits (the named partner of MSD, the firm that distributed fees to Bernstein Liebhard and G&E), "the evidence in the record supports only one finding: that Bernstein Liebhard was not paid pursuant to the Waite Schneider Fee Agreement." *Id.*

In a feeble attempt to justify a second bite at the apple, G&E disputes the Court's reading of its prior submissions and insists that it did make its current argument in its original opposition. (*See* G&E's Reconsideration Mem. 6-7). But that contention is disingenuous. It was obviously undisputed that "Bernstein Liebhard received ('with the approval of Waite Schneider') an additional $439,165 — 'a portion of the fees allocated to Waite Schneider' — in exchange for settling its claim." 2016 WL 4098616, at *2 (quoting Docket No. 86, Ex. 27, at 2). But G&E never actually made the argument that that payment was "pursuant to" the Waite Schneider Fee Agreement; instead, it moved directly from contending that payment pursuant to the Waite Schneider Fee Agreement was not a condition precedent under the terms of the contract (s*ee*

4

G&E's S.J. Mem. at 8-12) to asserting, in the alternative, that Bernstein Liebhard should not be permitted to rely on the unfulfilled condition because of the prevention doctrine (*see id.* at 12-14). Notably, the heading of G&E's original brief's second section underscores that the firm was not challenging the condition's non-fulfillment: "[BERNSTEIN LIEBHARD] CANNOT RELY ON THE NON-FULFILLMENT OF THE ALLEGED CONDITION PRECEDENT BECAUSE [BERNSTEIN LIEBHARD] WAS RESPONSIBLE FOR SUCH NON-FULFILLMENT." (*Id.* at 12). If G&E had argued that the condition precedent had not been fulfilled (as it had argued that there was no condition precedent at all), it surely would have referred to "the *alleged* non-fulfillment" (as it referred to "the alleged condition precedent"). But G&E did not.

The closest G&E came in its original brief to raising its current argument was when it stated that, "[a]t a minimum," the question of whether "[Bernstein Liebhard] had to receive its fee pursuant to the Waite Schneider Fee Agreement in order for G&E to receive anything under the G&E/[Bernstein Liebhard] Agreement" was "an issue of fact for the jury." (*Id.* at 10). On its face, however, that argument related to the proper "construction" of the contract (*see id.*); that is, G&E was simply arguing that payment pursuant to the Waite Schneider Fee Agreement was not a condition precedent, not that the condition had been satisfied. G&E now points to the accompanying footnote (G&E's Reconsideration Mem. 7-8 (citing G&E's S.J. Mem. 10 n.10)), but that footnote argued only that Bernstein Liebhard may not have been paid on a *quantum meruit* basis and that it should be required to share the settlement regardless. The footnote began by stating that "[t]here is no merit to [Bernstein Liebhard]'s argument that sharing a fee with G&E was appropriate only if [Bernstein Liebhard] received a fee set as a percentage of the overall fee but not if it was based on *quantum meruit*," and then suggested that, because the parties' agreement "allow[ed] [Bernstein Liebhard] to remain in the case," *whatever* payment

5

Bernstein Liebhard received ought to be shared with G&E. (G&E's S.J. Mem. 10 n.10). "Furthermore," the footnote continued, "it is disputed whether the fee [Bernstein Liebhard] received was a *quantum meruit* fee" due to Bernstein Liebhard's "settlement of its threat of litigation." (*Id.*). "*Therefore*," the footnote concluded, "it does not appear that the payment that [Bernstein Liebhard] received was truly based on work performed by it in the case." (*Id.* (emphasis added)). In other words, while the footnote disputed whether the settlement was based on *quantum meruit*, it did not affirmatively argue that the payment *was* "pursuant to" the Waite Schneider Fee Agreement.[1]

The two cases upon which G&E relies to support its motion for reconsideration — *Alliance Environmental, Inc. v. Harrison Western Construction Corp.*, 94 F.3d 644, 1996 WL 452937 (6th Cir. 1996) (unpublished table decision), and *Harley-Davidson Credit Corp. v. Turudic*, No. 3:11-CV-1317 (HZ), 2012 WL 3314919 (D. Or. Aug. 10, 2012) — do not call for a different result. First, as G&E itself concedes (conspicuously employing the passive voice in a formulation that brings to mind the cliché "mistakes were made"), these cases "were not cited in the briefing" on summary judgment. (G&E's Reconsideration Mem. 6 n.3). *See, e.g.*, *Thomas v. Lord*, No. 96-CV-3271 (SHS) (HBP), 1998 WL 3359, at *1 (S.D.N.Y. Jan. 6, 1998) (summarily

---

[1]  Put differently, contrary to G&E's suggestion, arguing that the settlement payment was *not* based on *quantum meruit* is not the same thing as arguing that the settlement payment *was* made "pursuant to" the Waite Schneider Fee Agreement. After all, parties frequently settle contract claims without admitting liability under the terms of the contract or that the contract is even valid and enforceable. Indeed, here, MSD and the Office of the Ohio Attorney General took the position that the Waite Schneider Fee Agreement was unenforceable. *See* 2016 WL 4098616, at *2. They settled rather than litigate that position in court, but in doing so they did not concede that the Agreement was enforceable, let alone that the settlement money was paid "pursuant to" the Agreement. To the contrary, as noted above (and in the Court's original opinion), "when asked at his deposition if Bernstein Liebhard received 'any money pursuant to [the Waite Schneider] agreement,' Bill Markovits, the named partner of MSD, responded flatly: 'No.'" *Id.* at *4 n.3 (quoting Docket No. 83, Ex. 15, at 41)).

6

denying motion for reargument where the movant "has not cited any . . . controlling decisions that were *overlooked*" (emphasis added)). Second, the cases are not binding on this Court. *See, e.g.*, *Mega Tech Int'l Corp. v. Miller Elec. Mfg. Co.*, No. 97-CV-1085 (DLC), 1998 WL 264856, at *1 (S.D.N.Y. May 26, 1998) (holding that the reconsideration standard was not met where the movant "has not cited a single 'controlling' authority"). And third, the cases are distinguishable and do not support, let alone compel, the conclusion G&E now principally presses. That is, each case concerns whether the phrase "pursuant to," as used in a specific agreement, created a condition precedent in the first place. *See All. Envtl.*, 1996 WL 452937, at *2; *Turudic*, 2012 WL 3314919, at *5. But because both courts held they did *not*, the cases shed little (if any) light on whether or when a condition precedent can be *fulfilled*. More specifically, they do not speak to whether paying to settle a threatened breach-of-contract lawsuit is payment "pursuant to" the underlying contract.[2]

In short, G&E fails to identify "controlling decisions or data that the court overlooked" in its summary judgment decision. *Analytical Surveys*, 684 F.3d at 52. Nor, for that matter, does the firm establish that the Court committed error, let alone "clear error," or that reconsideration is needed to "prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). At bottom, G&E wants to

---

[2]   Even on the condition precedent issue, G&E's two cases do not conflict with the Court's interpretation of the contract in *this* case. The *Turudic* Court rejected the argument that the phrase "pursuant to" in a contract was a condition precedent, but its analysis turned on the language of the particular contract at issue. *See* 2012 WL 3314919, at *5 (repeating that its construction of "pursuant to" relied on the "context of" the phrase within the contract and its relationship to related provisions). The *Alliance Environmental* Court found that the phrase "pursuant to" — as used *in a settlement agreement* — did not establish a condition precedent, but it did so based, in part, on the principle under Ohio law that such agreements are meant to *end*, not incite, litigation. *See All. Envtl.*, 1996 WL 452937, at *2. That principle has no application to the parties' fee-sharing agreement here. And it certainly does not weigh in favor of granting the present motion, which seeks to prolong this litigation rather than end it.

share in the settlement of a lawsuit that it was unwilling to pursue itself, *see* 2016 WL 4098616, at *5 n.4 ("G&E itself admits that it did not want to be named as a plaintiff in a lawsuit, perhaps to avoid antagonizing the Ohio AG."), under a theory of recovery that it never presented in its earlier motion papers.  To reject that argument is not, as G&E hyperbolically suggests, to "provide[] a roadmap for the unscrupulous to avoid their contractual obligations."  (G&E's Reconsideration Mem. 8).  If anything, it provides a roadmap for the scrupulous lawyer to draft contracts and summary judgment briefs with greater care.  At the end of the day, G&E — which drafted the contract with Bernstein Liebhard that, by its terms, made payment pursuant to the Waite Schneider Fee Agreement a condition precedent, and which drafted its summary judgment briefs here without arguing that the condition precedent had been met — has no one to blame but itself if it believes that it should have received more from Bernstein Liebhard.

For the reasons given above, G&E's motion for reconsideration is DENIED.  The Clerk of Court is directed to terminate Docket No. 96.

SO ORDERED.

Date:   September 28, 2016
        New York, New York

_____
JESSE M. FURMAN
United States District Judge